**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**CHARLES FINNEY,**

 Petitioner,

v.            **Case No. 8:02-CV-2217-T-30TBM
                 Death Penalty Case**

**JAMES McDONOUGH,**

 Respondent.
_____/

## **ORDER**

This matter comes before the Court for consideration of Petitioner's Notice of Appeal (Dkt. 46) of the denial of his petition for relief under 28 U.S.C. § 2254, *see* Dkt. 44, an Application for a Certificate of Appealability filed pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. §2253[2] (Dkt. 48); and an Application to Proceed on Appeal *in Forma Pauperis* (Dkt. 47).

While issuance of a COA does not require a showing that the appeal will succeed, more than the absence of frivolity or the presence of good faith is required for a petitioner to clear this hurdle. *See Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Under the controlling standard for issuance of a certificate of appealability where a district court has

---

[1] "Certificate of Appealability. (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Rule 22, Fed. R. App. P.

[2] "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;. . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

rejected a prisoner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001).  To obtain a certificate of appealability when the district court has rejected a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether (1) the petition states a valid claim of the denial of a constitutional right and (2)  the district court was correct in its procedural ruling.  *Slack*, 529 U.S. at 484; *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000) (per curiam).

Petitioner's challenge to his 1992 state convictions for first degree murder, robbery, and trafficking in stolen property was denied on the merits on Grounds Four, Six, Seven, and Eight, and two of the three subclaims presented in Ground Nine. The remaining grounds were found to be either procedurally barred or not cognizable under § 2254. Petitioner has failed to satisfy the two-prong *Slack* test.  529 U.S. at 484.

ACCORDINGLY, the Court **ORDERS** that:

1. The Application for a Certificate of Appealability (Dkt. 48) is **DENIED**.
2. The Application to Proceed on Appeal *in Forma Pauperis* (Dkt. 47) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on August 14, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Parties/Counsel of Record
SA:jsh